Electronically Filed
11/22/2019 2:16 PM
Third Judicial District, Washington County
Donna Atwood, Clerk of the Court
By: Brenda Lee, Deputy Clerk

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only:* *rlg@rossmanlaw.com*

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| ASHLEY BROWN,<br><br>   Plaintiff,<br><br>-vs-<br><br>WEISER AMBULANCE DISTRICT, a political subdivision of the State of Idaho; LARRY COLELLA, an individual,<br><br>   Defendants. | CASE NO. CV44-19-0590<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Fee Category: A**<br>**Filing Fee: $221.00** |

COMES NOW Ashley Brown, the above-named Plaintiff, and for cause of action against Defendants Weiser Ambulance District and Larry Colella, hereby COMPLAINS AND ALLEGES as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

EXHIBIT 1 (1 of 11)

## PARTIES

1. Plaintiff Ashley Brown at all times herein mentioned has been, and presently is, a resident of Washington County, Idaho.

2. Defendant Weiser Ambulance District at all times herein mentioned has been, and presently is, a political subdivision of Washington County, State of Idaho.

3. At all times relevant to the allegations herein, upon information and belief, Defendant Larry Colella (hereinafter "Colella"), was a resident of Washington County, State of Idaho. It is Plaintiff's understanding that Mr. Colella has moved out of the area.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to Idaho Code §§ 1-705 and 5-514.

5. Venue is proper, pursuant to Idaho Code § 5-404 as this cause of action arose within Washington County.

## GENERAL ALLEGATIONS

6. Ms. Brown started working for Weiser Ambulance District in October of 2012 as an EMT.

7. Beginning in January of 2013, Weiser Ambulance District Director Larry Colella made unwanted sexual advances toward Ms. Brown.

8. Director Colella's behavior included inappropriate touching, sexual advancements, gender harassment, and threats of retaliation.

9. Ms. Brown has been fearful of losing her employment with Weiser Ambulance

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

EXHIBIT 1 (2 of 11)

District and damage to her reputation and her career as an EMT.

10. Director Colella has made unwanted sexual advances and has inappropriately touched Ms. Brown in a sexual manner on numerous occasions.

11. Ms. Brown has requested that Director Colella refrain from this behavior to no avail.

12. On several occasions, Director Colella made unwanted sexual advances toward Ms. Brown. He told Ms. Brown that if she told anyone he would fire her and have the hospital do the same.

13. Director Colella's wife, Kristie Colella, daughter, Taylor Colella, nephew, Wyatt Thompson, and brother-in-law, Jason Thompson, are all employees of Weiser Ambulance District.

14. Director Colella told Ms. Brown that she would be terminated before Weiser Ambulance District would consider terminating him and his family.

15. On May 22, 2019, Weiser Ambulance District Operations Manager Corey Patocka contacted Ms. Brown and indicated that they needed to sit down and discuss her work schedule. Mr. Patocka did not make any changes to the schedule at that time. Ms. Brown continued working consistent and regular full-time shifts with Weiser Ambulance District.

16. On May 28, 2019, Ms. Brown was contacted by Mr. Patocka and informed that she was removed from her regular shifts with Weiser Ambulance District and that she would now be working on an "as needed" basis.

17. On or about June 18, 2019, Brady Johnston informed Brian Graham of

discovering Ms. Brown's journal containing entries alleging unwanted sexual advances and harassment.

18. On July 3, 2019, Mr. Graham contacted Director Colella regarding Ms. Brown's allegations. Since that time, Director Colella has confronted Ms. Brown regarding her allegations while she is working on numerous occasions.

19. On July 8, 2019, Director Colella confronted Ms. Brown at her vehicle regarding the allegations and attempted to intimidate Ms. Brown from going forward with her claims.

20. A letter was been posted at the Weiser Ambulance District Ambulance Hall advising all employees that Ms. Brown is seeking litigation against Director Colella alleging claims of sexual harassment, hostile work environment and nepotism. Weiser Ambulance District employees were required to read and sign the document.

## COUNT ONE

### *Civil Assault and Battery against Director Colella*

21. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 20 above as if set out in full.

22. Director Colella's actions in unwanted sexual advances and inappropriate touching of Ms. Brown in a sexual manner, as alleged herein above, constitute assault and battery against Ms. Brown's person.

23. Director Colella intentionally touched Ms. Brown in a sexual manner.

24. Ms. Brown did not permit or consent to the touching.

25. Director Colella knew or should have known that the touching was not permitted.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

EXHIBIT 1 (4 of 11)

26. The touching was unlawful, harmful and/or offensive.

27. As a direct and proximate result of Director Colella's assaults and batteries, Ms. Brown has suffered damages in an amount in excess of $10,000.00 to be proven at trial.

28. Ms. Brown is entitled to recover her attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

29. Ms. Brown reserves this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## COUNT TWO

*Gender Discrimination in Employment in Violation of Title VII of the Civil Rights Act of 1964, the Gender Discrimination in Employment Act and the Idaho Human Rights Act*

30. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 29 above as if set out in full.

31. The actions of Weiser Ambulance District and Director Colella deprived Ms. Brown of opportunities and adversely affected Ms. Brown's employment because of her gender in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibits discrimination based on gender.

32. As a result of Weiser Ambulance District and Director Colella's violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, Ms. Brown is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

33. Ms. Brown is entitled to recover her attorney fees and costs incurred in pursuing

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

EXHIBIT 1 (5 of 11)

this matter pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k), and Idaho Code §§ 12-120 and 12-121.

34. Ms. Brown hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT THREE

*Retaliatory Discharge of Employment in Violation of Title VII of the Civil Rights Act of 1964, and the Idaho Human Rights Act*

35. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 34 above as if set out in full.

36. Ms. Brown reported conduct that she perceived to be gender harassment and discrimination.

37. In response to Ms. Brown's reporting of gender harassment and discrimination, Weiser Ambulance District and Director Colella retaliated against Ms. Brown, ultimately terminating her employment.

38. The action of terminating Ms. Brown's employment in response to a report of gender harassment and discrimination is a violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibits retaliation for the reporting of gender discrimination.

39. As a result of Weiser Ambulance District and Director Colella's violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, Ms. Brown is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

**EXHIBIT 1 (6 of 11)**

40. Ms. Brown is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code §§ 12-120 and 12-121.

41. Ms. Brown hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FOUR

*Termination in Violation of Idaho Public Policy*

42. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 41 above as if set out in full.

43. An employer is liable for wrongful termination where the motivation for the termination contravenes public policy.

44. An important public policy recognized by Idaho State common law and statutes is that an employer may not discharge an employee on the basis of their gender.

45. Weiser Ambulance District's termination of Ms. Brown's employment in retaliation for reporting sexual harassment constitutes a material breach of the aforementioned recognized and established public policy.

46. As a direct and proximate result of Weiser Ambulance District's breach of public policy, Ms. Brown has suffered damages in excess of $10,000 to be proven with specificity at trial.

47. Ms. Brown is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to 42 U.S.C. § 2000e-5(k) and Idaho Code §§ 12-120 and 12-121.

48. Ms. Brown hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT FIVE

### *Termination in Violation of Idaho Protection of Public Employees Act*

49. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 48 above as if set out in full.

50. Weiser Ambulance District at all times herein mentioned, was and now is an employer within the meaning of the Idaho Protection of Public Employees Act § 6-2103.

51. From January 2013 to and through May 15, 2019, Ms. Brown was employed by Weiser Ambulance District and was an "employee" within the meaning of the Idaho Protection of Public Employees Act.

52. An employer is liable for wrongful termination where the motivation for the termination contravenes the Idaho Protection of Public Employees Act.

53. An important right recognized by of the Idaho Protection of Public Employees Act is that an employer may not discharge an employee on the basis of the employee initiation of, or participating in, an investigation.

54. Weiser Ambulance District's termination of Ms. Brown's employment because she initiated, reported and provided necessary information regarding Director Colella's unlawful sexual harassment and civil assault/battery constituted a material breach of the aforementioned Idaho statute.

55. As a direct and proximate result of Weiser Ambulance District's breach of the

Idaho Protection of Public Employees Act, Ms. Brown has suffered damages in excess of $10,000 to be proven with specificity at trial.

56. Ms. Brown is entitled to recover her attorney fees and costs incurred in pursing this matter pursuant to Idaho Code § 12-121 and §§ 6-2105 - 6-2106.

57. Ms. Brown hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT SIX

### *Negligent and/or Intentional Infliction of Emotional Distress*

58. Ms. Brown realleges and incorporates by this reference all the allegations contained in Paragraphs 1 through 57 above as if set out in full.

59. By its actions detailed herein above, Weiser Ambulance District and Director Colella have negligently and/or intentionally caused Ms. Brown to suffer extreme mental anguish and emotional distress which distress has resulted in physical manifestations including sleeplessness, depression and anxiety.

60. As a result of Weiser Ambulance District and Director Colella negligent and/or intentional infliction of severe emotional distress, Ms. Brown has suffered damages in an amount exceeding $10,000, the exact amount to be proven with specificity at trial.

61. Ms. Brown is entitled to recover her attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 12-120(3) and 12-121.

## DEMAND FOR JURY TRIAL

Ms. Brown hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

**EXHIBIT 1 (9 of 11)**

## PRAYER FOR RELIEF

WHEREFORE, Ms. Brown prays for Judgment, Order and Decree of this Court as follows:

1. For money damages for Ms. Brown from Director Colella under the theory of civil assault battery in a sum to be determined at trial in excess of $10,000;

2. For judgment of the court awarding Ms. Brown damages in excess of $10,000, incurred as a result of Weiser Ambulance District and Director Colella's violation of Title VII of the Civil Rights Act of 1964; the Gender Discrimination in Employment Act; the Idaho Human Rights Act; for retaliatory discharge of Ms. Brown's employment for reporting violations of the Gender Discrimination in Employment Act and the Idaho Human Rights Act, for retaliatory discharge of Ms. Brown in violation of the Idaho Public Policy; and termination of Ms. Brown in violation of the Idaho Protection of Public Employees Act.

3. For judgment of the court awarding Ms. Brown damages in excess of $10,000, incurred as a result of Weiser Ambulance District and Director Colella's negligent and/or intentional infliction of emotional distress.

4. For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

5. For Ms. Brown's reasonable attorney fees and costs incurred in prosecuting this action; and

6. For such other and further relief as court deems just and necessary.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

**EXHIBIT 1 (10 of 11)**

DATED this 22nd day of November, 2019.

ROSSMAN LAW GROUP, PLLC

Matthew G. Gunn
Attorneys for Plaintiff

IZ:\Work\B\Brown, Ashley\Pleadings\Complaint.doc

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

EXHIBIT 1 (11 of 11)